ANTHONY KRIBS *vs.* LEWIS JONES and ALONZO F. JONES, trading as LEWIS JONES & SON.

*Construction of a written Contract for the sale of goods— Reasonable time—Insufficient excuse for non-delivery—Modification of Written contract by Parol—Statute of Frauds— Admissibility in Evidence of a modification of the Contract declared on—Practice—Right of action for a Violation of Contract—Measure of Damages.*

A. K. being a forwarding, commission and produce dealer, living at Norwalk, Ohio, entered into the following written agreement with L. J. & Son, produce merchants in Baltimore. "Baltimore, November 23rd, 1871. This is to certify that I, A. K., agree to furnish L. J. & Son with what apples have on hand, at two dollars and fifty cents per barrel, say about three thousand barrels, he to pay my drafts at the bank as he receives the apples,

not exceeding one car-load a day. In consideration of the above agreement L. J. & Son agree to pay A. K's three notes, five hundred and forty-three $1\frac{6.3}{100}$ dollars each, at fifteen, thirty and forty-five days." (Signed.) L. J. & Son, and A. K. The three notes referred to were connected with a previous transaction. In an action upon this contract brought by L. J. & Son against A. K. for a failure to forward more than a specified portion of the whole number of barrels contracted for, it appeared in proof that the defendant commenced forwarding the apples on the 28th of November, and continued till the 5th of December, 1871, sending during that period six carloads. No more were sent till about the middle of January, 1872, when a car-load was forwarded which the plaintiffs refused to receive, apples having fallen greatly in price in the Baltimore market at that time. It also appeared in proof that the weather became extremely cold about the beginning of December, and so continued during the period above mentioned rendering it impossible to forward apples safely, and *that the business of shipping from that vicinity was closed by the extremely cold weather.* HELD :

That construing the written contract according to its terms and in the light of surrounding circumstances, it imposed the duty upon the defendant, as vendor, *within a reasonable time,* to send forward the apples to the plaintiffs, at a rate not exceeding one car-load a day. And the fact that cold weather came on making it difficult or impossible to transmit them in safety, would furnish no excuse for the failure to forward them according to the terms of the contract.

Parol testimony was given on the part of the plaintiffs, (subject to exception,) to prove, that on the same day upon which the written contract was made, and subsequently thereto, a verbal agreement was made between the parties, that the apples instead of being forwarded to the plaintiffs, should be sent by the defendant consigned to K Brothers in Baltimore, and upon the payment by the plaintiffs to K. Brothers of the stipulated price therefor, the bills of lading should be handed over to them, and thereupon they should receive possession of the apples at the depot, upon paying the freight. HELD :

1st. That the effect of this arrangement was materially to alter the terms of the written contract; as the written contract would have been performed by delivering the apples to a carrier in merchantable condition, taking the usual precautions to ensure their safe delivery to the buyers, the risks of the carriage being assumed by the latter. Whereas under the supplementary agreement, the delivery to a carrier would not be a delivery to the plaintiffs, but the carrier became the agent of the defendant (vendor) and the risks of the carriage were assumed by the latter.

2nd. That the parol evidence of the supplementary agreement was not inadmissible on the ground that the contract was within the 17*th section* of the *Statute of Frauds*, and could be proved only in writing, because as a part of the goods had been received and accepted by the vendees, it was competent to prove the agreement by parol evidence.

3rd. That in a proper state of the pleadings the parol evidence would be admissible to prove that the original contract, though in writing, had been afterwards modified by a supplementary verbal agreement.

4th. But that the declarations being based exclusively upon the written agreement, which was a contract to forward, evidence was inadmissible to prove the supplementaay agreement, whereby the defendant undertook to deliver the apples to the plaintiffs in Baltimore, through his agents, *K. Brothers.*

5th. That the defendant by offering parol proof himself of the supplementary agreement, did not thereby waive his right to object to the testimony of that kind offered by the plaintiffs, all of which had been received *subject to exception,* to be subsequently taken.

6th. That upon the failure of the defendant to deliver all the apples within a reasonable time, the plaintiffs had a right to refuse to accept any further delivery under the contract, and sue for damages.

7th. That in such case the proper rule for estimating the damages would be, to ascertain the market price of the apples in the place of delivery, at the time when they should have been delivered, and deduct therefrom the contract price of said apples, and the freight and transportation charges on the same, and allow the plaintiffs the difference.

8th. That by the contract as modified the defendant undertook to deliver the apples in a reasonable time to the plaintiffs in Baltimore, through his agents, *K. Brothers,* and thereby assumed the risk of their safe transportation. And having assumed this obligation absolutely and without qualification, he could not be excused from its performance because of the state of the weather; nor did the consideration of the risk of transportation enter into the estimate of the measure of damages.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

*Exception.*—At the trial below the plaintiffs offered the following prayers :

1. That by the true construction of the contract of the 23rd of November, 1871, the said A. Kribs having sold said apples as on hand, and agreed to ship the same, not

exceeding one car load a day, was bound to commence the shipping of the same forthwith, and to complete the same within a reasonable time thereafter; and if the jury shall find that by the exercise of ordinary care and diligence, the said apples could have all been shipped in the interval between the said 23rd of November and the 25th December, 1871, and were not so shipped, then the said Kribs did not ship said apples within a reasonable time, and L. Jones & Son are entitled to recover for such damages as they sustained by the said default of the said Kribs.

2. That although the jury shall find from the evidence that the failure on the part of the said Kribs to continue his shipments of apples after the 11th of Dec., 1871, was owing to the cold weather, and his apprehensions that the apples would be injuriously affected by the weather, yet this is no excuse for his failure to continue said shipments, provided the jury shall find from the evidence that L. Jones & Son directed said Kribs to continue said shipments notwithstanding said cold weather, and had in all respects complied with their agreement as to the apples already delivered under the contract of the 23rd of November, 1871, and were ready and able, and offered, to comply with the same in regard to those not already delivered.

3. That although the jury shall find from the evidence that the failure on the part of the said Kribs to continue the shipment of apples after the 11th of December, 1871, was owing to the cold weather and the freezing of the apples before they were loaded into cars, yet these facts furnish no sufficient excuse for his failure to comply with the contract made with L. Jones & Son on the 23rd of November, 1871, (if the jury shall find such failure,) provided the jury shall find from the evidence that the said effects of the cold weather in the matter of the shipment of said apples was owing to the negligence of said Kribs, or a neglect on his part to take such precautions in the storing or handling of said apples as were usual and proper under the circumstances.

4. If the jury shall find that the said Kribs and L. Jones & Son, executed the contract of the 23rd of November, 1871, offered in evidence, and that on the day the same was executed, subsequently to its execution, it was further agreed between the parties thereto, that the 3,000 barrels of apples mentioned therein should be by the said Kribs shipped and consigned to the house of Kreutzer & Bros,, at Baltimore, to be by them, on behalf of the said Kribs, delivered to the said L. Jones & Son, upon their paying to said Kreutzer & Bros. for said apples, at the price fixed by said contract of the 23rd of November, 1871, and upon the payment of the freight; and that it was likewise at the same time agreed between said parties that the shipment of said apples should commence immediately on the arrival of said Kribs at his home in Ohio, and continue at the rate of one car-load 'a day; and if the jury shall further find, that said Kribs failed and refused to carry out his said agreement, but on the contrary, after shipping six car-loads, in the interval between the 23rd of November, 1871, and 11th of December, 1871, thereupon ceased to ship said apples, and failed and refused to ship or deliver any apples during the whole month of December, 1871, though. urgently requested by the said L. Jones & Son to continue said shipments, and made no further shipments after the said 11th of December, 1871, until about 19th January, 1872, when the said L. Jones & Son refused to accept said apples so offered, then the said L. Jones & Son had a right. so to refuse any further delivery of apples under said contract, and are entitled to recover in their action against said Kribs, such damages as the jury shall find, (if any) the said L. Jones & Son have sustained by the failure to ship the apples according to the contract made between them and Kribs on the 23rd November, 1871, and in estimating said damages, the jury are to be guided by the following rule: They will ascertain the market price of the said apples in the city of Baltimore, at the time said apples

should have been delivered, and deduct therefrom the contract price of said apples and the freight and transportation charges on the same, and allow to the plaintiffs the difference.

And the defendant offered the following prayers:

1. That if from all the evidence in this cause the jury shall find that the plaintiffs and the defendant entered into the agreement given in evidence in this cause, dated the 23rd of November, 1871, and that by a subsequent or contemporaneous arrangement between the plaintiffs and the defendant, the apples mentioned in said agreement were to be shipped to Kreutzer Brothers, who were to turn the bills of lading over to L. Jones & Son, upon receiving the price for the apples named therein, at the rate specified in said agreement, and that the defendant only agreed to ship not exceeding one car-load per day, and that the apples mentioned in said agreement at the time of the execution thereof, were in the State of Ohio; and that the defendant in pursuance of said agreement and arrangement, and with reasonable diligence shipped apples to Kreutzer Brothers, until the weather became so cold that apples could not be shipped in safety without being packed in hay, and that as soon as the weather moderated the defendant shipped a car-load of apples to Kreutzer Brothers who tendered the same to the plaintiffs and the plaintiffs refused the same, then the plaintiffs are not entitled to recover.

2. That although the jury may find that the defendant entered into a contract and agreement as mentioned in the evidence in this cause, and may further find that the defendant broke said contract and agreement, yet, if they shall further find that the plaintiffs sustained no loss or damage by reason of such breach of said contract and agreement, then the plaintiffs are only entitled to recover nominal damages.

3. That if the jury shall find from all the evidence in the cause, that the plaintiffs and the defendant entered into

the agreement given in evidence in the cause, dated the 23rd of November, 1871, and that by a subsequent arrangement between the plaintiffs and the defendant, the apples therein mentioned were to be shipped to Kreutzer Brothers, who were to turn the bills of lading over to the plaintiffs, upon receiving the price for the apples therein named, at the rate stipulated in said agreement, and that the defendant only agreed to ship not exceeding one car-load per day, and that at the time of the making said agreement and arrangement, the apples mentioned in said agreement were at various places in the State of Ohio, and that the defendant in pursuance of said agreement and arrangement, and with due diligence shipped apples to Kreutzer Brothers, until cold weather rendered it imprudent to ship apples, and that as soon as the weather moderated the defendant shipped a car-load of apples to Kreutzer Brothers, who tendered the same to the plaintiffs, and that the plaintiffs refused the same, then the plaintiffs are not entitled to recover.

4. That if the jury shall find from all the evidence in this cause, that the plaintiffs waived any irregularities that may have occurred in the times and manner of shipping apples prior to the period when cold weather came on, and that before or at that period the plaintiffs instructed the defendant not to ship apples without packing them in hay, then the plaintiffs are not entitled to recover, although the jury may further find that the defendant agreed to ship one car-load of apples per day, and they may infer an instruction not to ship without packing in hay, from an instruction to pack in hay.

5. That there is no evidence in this cause which made it the duty of the defendant in shipping apples to pack them in hay.

6. That under the pleadings in this cause, no evidence is admissible of a contract by the defendant, to deliver apples to the plaintiffs in Baltimore, and all evidence of that kind must be disregarded by the jury.

7. That the testimony of John Dixon in regard to conversations which took place at the time of the signing of the notes and agreement given in evidence in this cause, dated the 23rd of November, 1871, is not admissible, and must be disregarded by the jury.

8. That if the jury shall find from all the evidence in this cause, that the defendant agreed to ship the apples mentioned in the agreement given in evidence in this cause to Kreutzer Brothers, who were to turn the bills of lading over to the plaintiffs upon receiving the price for the apples named therein, at the rate stipulated in said agreement then the said Kreutzer Brothers were the agents of the plaintiffs to receive the bills of lading, and the agent of the defendant to receive the price.

9. That although the jury may find that the defendant did not ship to Kreutzer Brothers according to the terms of the agreement with the plaintiffs, yet if they shall further find that the value of the said apples in the condition in which they would have been on their arrival in Baltimore, if they had been so shipped according to the terms of said agreement, would have been no more than the price which the plaintiffs had agreed to pay therefor, together with the expenses of transportation, then the plaintiffs are entitled to recover nominal damages.

10. That although the jury may find that the defendant did not send the apples mentioned in the agreement given in evidence in this cause, dated the 23rd of November, 1871, to Kreutzer Brothers, according to the terms of the agreement entered into between the plaintiffs and the defendant, yet if the jury shall further find that the plaintiffs agreed to sustain all risks and losses incident to the transportation of said apples to Baltimore, and shall further find that the value of said apples in the condition in which they would have been on their arrival in Baltimore, if they had been so sent according to the terms of said agreement, would have been no more than the price which the

plaintiffs had agreed to pay therefor, together with the expense of transportation, then the plaintiff are only entitled to recover nominal damages.

11. That if the jury shall find from all the evidence in this cause, that the plaintiffs and the defendant entered into the agreement given in evidence in this cause, dated the 23rd of November, 1871, and that by a subsequent arrangement between the plaintiffs and the defendant, the apples therein mentioned were to be shipped at the risk of the plaintiffs to Kreutzer Brothers as agents of the plaintiffs, and that at the time of the making of said agreement and arrangement, the said apples, mentioned in said agreement, were at various places in the State of Ohio, and that the defendant shipped the said apples to the plaintiffs in accordance with the said arrangement, then the plaintiffs are not entitled to recover.

The Court, (DOBBIN, J.,) granted the plaintiffs' prayers and the second and fifth prayers of the defendant; the other prayers of the defendant, the Court rejected. The defendant excepted. The jury rendered a verdict for the plaintiffs and judgment was entered accordingly. The defendant appealed.

The cause was argued before BARTOL, C. J., STEWART, MILLER, ALVEY and ROBINSON, J.

*Orlando F. Bump,* for the appellant.

*Bernard Carter,* for the appellees.

BARTOL, C. J., delivered the opinion of the Court.

This suit was brought by the appellees, to recover damages for the alleged breach by the appellant, of a contract for the sale and delivery of a quantity of apples.

The contract which was in writing, was as follows:

"Baltimore, November 23rd, 1871.

"This is to certify, that I, A. Kribs, agree to furnish Lewis Jones & Son, with what apples I have on hand, at two dollars and fifty cents per barrel, say about three thousand barrels, he to pay my drafts at the bank as he receives the apples, not exceeding one car-load a day.

"In consideration of the above agreement, Lewis Jones & Son, agree to pay A. Kribs, three notes, five hundred and forty-three $\frac{63}{100}$ dollars each, at fifteen, thirty and forty-five days." (Signed)

LEWIS JONES & SON,
A. KRIBS.

The explanation of the latter part of the agreement referring to the notes, as furnished by the proof, is that there was an unsettled balance due from the appellees to the appellant, for apples purchased under a previous contract, which it was agreed should be secured by three promissory notes, endorsed by third persons, and the giving of which formed a part of the consideration inducing the appellant to enter into the contract of November 23rd 1871.

The appellant was a forwarding, commission and produce dealer, living at Norwalk, Ohio; the appellees were produce merchants doing business in Baltimore.

The declaration is upon the *written contract;* the breach alleged in the *first count,* is that the defendant "failed and refused to forward more than 814 barrels of said quantity of said 3000 barrels of apples, and made default as to the residue." And in the *second count,* the breach alleged is a failure "to transmit, or to deliver the same to the Baltimore and Ohio Railroad Company to be forwarded" to the plaintiffs. It was proved that the appellant proceeded to forward apples by the Baltimore & Ohio Railroad, commencing on the 28th day of November, and continuing till the 5th day of December 1871; sending during that period *six car-loads;* the last two of which arrived in Bal-

timore on the 8th of December, and were paid for on the 11th. No more were sent on till about the middle of January 1872, when a car-load was forwarded, which the plaintiffs refused to receive, they having greatly fallen in price in the Baltimore market at that time. It was proved that apples usually bring the highest prices in the latter part of December, just before Christmas, and that the market value of sound apples in Baltimore between the first of December 1871, and the middle of January following was from $4 to $5 per barrel. Proof was offered that the weather became extremely cold about the beginning of December, and so continued during the period above mentioned, rendering it impossible to forward apples safely, or without great danger of their destruction, and "that the business of shipping from that vicinity was closed by the severely cold weather."

Construing the written contract according to its terms, and in the light of surrounding circumstances, it imposed the duty upon the appellant as vendor, *within a reasonable time*, to send forward the apples to the plaintiffs, at a rate not exceeding one car-load a day, and the fact that cold weather came on making it difficult or impossible to transport them in safety, would furnish no excuse for the failure to forward them according to the terms of the contract. "If the thing promised be possible in itself, it is no excuse that the promiser became unable to perform it, by causes beyond his own control, for it was his own fault to run the risk of undertaking unconditionally, to fulfil a promise, when he might have guarded himself by the terms of his contract." *Benjamin on Sales,* 456, (*2nd London Edition,*) where the cases in support of the proposition are cited in the notes. In the same book, 135 and 572, it is said: "Where the vendor is bound to send the goods to the purchaser, the rule is well established, that delivery to a common carrier, * * * * * * * * is a delivery to the purchaser himself, the carrier being

in contemplation of law in such cases, the bailee of the person *to whom* not *by whom* the goods are sent; the latter when employing the carrier, being regarded as the agent of the former for that purpose." This rule has been recognized by this Court in *Magruder vs. Gage*, 33 *Md.*, 344.

Treating the written agreement of November 23rd 1871, as the only contract between the parties, there would be no doubt of the correctness of the *first, second* and *third* prayers of the appellees ; but it appears that parol testimony was given on the part of the plaintiffs, to prove that on the same day upon which the written contract was made, and subsequently thereto, a verbal agreement was made between the parties, that the apples instead of being forwarded to the plaintiffs, should be sent by the appellant, consigned to *Kreutzer Brothers*, in Baltimore, and upon the payment by the appellees to Kreutzer Bros. of the stipulated price therefor, the bills of lading should be handed over to them, and thereupon they should receive possession of the apples at the depot, upon paying the freight to the railroad company. The effect of this arrangement was materially to alter the terms of the written contract, and the question arises was it competent and admissible testimony under the pleadings in the cause ? The declaration is upon the *written* agreement *alone,* and sets out a contract of sale, with an obligation on the part of the defendant to forward to the plaintiffs, and a breach of that obligation ; whereas, by the supplementary agreement, the obligation on the defendant was to consign the apples to Kreutzer Bros., to be delivered by them to the plaintiffs. By the contract declared on, the obligation rested on the appellant to *forward* to the plaintiffs, and would have been performed by delivering the apples to a carrier, in merchantable condition, taking the usual precautions to ensure their safe delivery to the buyers, the risks of the carriage being assumed by the latter.

Whereas the effect of the supplementary agreement was to constitute the consignees, *Kreutzer Bros.*, the agents of the appellant, to receive and hold the property for him, until the payment by the appellees of the price, and then to deliver the possession of the same to the appellees in Baltimore. Under this arrangement, the delivery to the carrier would not be a delivery to the appellees, but the carrier became thereby the agent of the appellant, (vendor) and the risks of the carriage were assumed by the latter. *Benjamin on Sales*, 572.

The parol evidence of the supplementary agreement was admitted *subject to exception.* No objection to its admissibility was made by the defendant in the Court below or in this Court, on the ground that the contract was within the *17th section of the Statute of Frauds*, and could have been proved only in writing, and no such objection could have been successfully made, for the reason that a part of the goods having been received and accepted by the vendees, it was competent to prove the contract by parol evidence. The case stands in this respect free from difficulty under the Statute, and in. a proper state of the pleadings, the parol evidence would be admissible to prove that the original contract, though in writing, had been afterwards modified or changed by a supplementary verbal agreement. *Allen vs. Sowerby*, 37 *Md.*, 411. But the difficulty arises from the state of the pleadings. The appellant's *sixth* prayer asserts that " under the pleadings in this cause, no evidence is admissible of a contract by the defendant, to deliver apples to the plaintiffs in Baltimore, and all evidence of that kind must be disregarded " by the jury. This prayer was refused, and we think erroneously. The declaration being based exclusively upon the written agreement, which as we have said, was a contract to forward ; evidence was inadmissible to prove the supplementary agreement, whereby the appellant undertook to deliver the apples to the plaintiffs in Baltimore, through his agents, Kreutzer Brothers.

It is no answer to this objection, that the defendant in the Court below, himself offered parol testimony of the supplementary agreement. He did not thereby waive his right to object to the testimony of that kind offered by the plaintiffs, all of which, as it appears by the bill of exceptions had been received, " *subject to exception* to be subsequently taken.'' We construe this to mean that the exception was to be raised by prayer after the evidence was closed.

With respect to the *fourth* prayer of the appellees, that was erroneous in submitting to the jury to find, that the appellant had agreed absolutely to *ship the apples at the rate of one car-load a day.* There was no competent evidence that such was the contract, this part of the prayer rested upon the testimony of Dixon, with reference to the subsequent parol agreement, it was received subject to exception, and was inadmissible under the pleadings, exception was taken thereto by the appellant's *seventh* prayer, and it ought to have been excluded from the consideration of the jury. In other respects, the propositions of law contained in the appellees' *fourth* prayer, would, in a proper state of the pleadings be free from objection. This prayer was based upon the contract as modified by the subsequent parol agreement, and the defendant's prayers, which were refused are all, except the *sixth and seventh*, based upon the contract as modified, and assert two leading propositions ; *first*, that the defendant was not bound in law to continue to forward the apples, after the cold weather came on, which made it imprudent or dangerous to transport them. *Secondly*, that the risk of safe transportation was upon the plaintiffs, and therefore in fixing the measure of the damages, it was proper for the jury to consider the probable deterioration the fruit would have suffered on the route, and give the plaintiffs as damages, no more than the difference between the market value of apples so deteriorated and the contract price.

But the answer to both these propositions is that by the contract as modified the defendant undertook to deliver the apples in a reasonable time to the plaintiffs in Balti-more, through his agents *Kreutzer Brothers.*

By this agreement he assumed the risk of their safe transportation, and having assumed this obligation abso-lutely, and without qualification, he cannot be excused from its performance, because of the state of the weather ; nor does the consideration of the risk of transportation enter into the estimate of the measure of damages, which is correctly stated in the plaintiffs' *fourth* prayer.

The only error we find in the ruling of the Superior Court, of which the appellant can complain was in reject-ing his *sixth* and *seventh* prayers ; for the reason before stated that the declaration was on the written contract alone.

What has been said sufficiently disposes of the several prayers offered by the appellant, and they need not be referred to more particularly.

*Judgment reversed, and*
*new trial ordered.*

(Decided 9th March, 1876.)