OSHINSKY et al. v. LORRAINE MFG. CO.

(Circuit Court of Appeals, Second Circuit. April 11, 1911.)

No. 153.

1. SALES (§ 81*)—CONTRUCTION OF CONTRACT—TIME FOR DELIVERY.
    Time is of the essence of a contract for the sale and subsequent delivery of goods on specified dates.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 217; Dec. Dig. § 81.*]

2. SALES (§ 81*)—CONSTRUCTION OF CONTRACT—TIME FOR DELIVERY.
    A contract for the sale of goods, to be delivered "at the specified dates," followed by the specification of a date, requires the delivery on such date, and the buyer is not required to accept the goods at a later date.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 217; Dec. Dig. § 81.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Action at law by the Lorraine Manufacturing Company against Joseph Oshinsky and Samuel Valentine. Judgment (182 Fed. 407) for plaintiff, and defendants appeal. Reversed.

Adolph Cohen (Arnold Gross, of counsel), for appellants.
Dorman & Dana (William R. Dorman, of counsel), for appellee.
Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. The question presented for consideration upon this writ of error is a simple one, and the facts upon which it is raised are not involved. The action is on a contract for the manufacture and sale of goods. The complaint alleges that the goods were

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tendered in accordance with the terms of the contract, but were refused by the defendants. The defendants seeks to justify such refusal upon the ground that the goods were offered after the time specified for delivery in the contract. The contract is in the form of an acceptance of an order for "shirtings," directed by the plaintiff to the defendants, and dated February 4, 1907. The relevant portions are these:

"Below we hand you copy of your order for spring, 1908, which the mills have accepted, and which they will deliver to you * * * at the specified dates: * * * Stock: Nov. 15."

It was conceded that several pieces of goods were delivered at dates earlier than November 15th, as specified in the contract, and that the "stock"—a term meaning the balance of the goods covered by the order—was not tendered by the plaintiff to the defendants until November 16th.

[1] The trial court properly ruled that time was of the essence of the agreement in question—an executory contract for the sale and subsequent delivery of the goods. As said by the Supreme Court in Jones v. United States, 96 U. S. 24, 24 L. Ed. 644:

"The rule in such a case is that the purchaser is not bound to accept and pay for goods, unless the same are delivered or tendered on the day specified in the contract.

[2] But the trial court ruled that the contract did not necessarily call for delivery on November 15th; that the provision agreeing to "deliver * * * at the specified dates: * * * Stock: Nov. 15," was ambiguous with respect to time, and that the jury might find that it meant "on or about" November 15th. In our opinion, this ruling of the trial court was erroneous. We think that the language of the provision is plain, unequivocal, and free from ambiguity, and required delivery on November 15th, and not later. We fail to appreciate the contention of the plaintiff that the language may fairly be given two meanings. A provision for delivery *at* a specified date, followed by the specification of a date, requires delivery upon that date and none other. The preposition "at" seems quite as definite and certain as any word that could be used. Consequently, as the goods were not delivered or tendered until after November 15th, we think that the plaintiff failed to establish its cause of action, and that judgment should have been directed for the defendants.

The judgment of the Circuit Court is reversed.