# STANDARD SCALE AND SUPPLY COMPANY

## *vs.*

# BALTIMORE ENAMEL AND NOVELTY COMPANY.

*Sale of Goods—Delay in Delivery—Government Embargo—
Construction of Contract—Failure to Assert Claim—
Opinion of Witness.*

In mercantile contracts, as a general rule, stipulations as to time are regarded as an essential and material part of the contract, and if the goods sold are not delivered or tendered on the day specified, the purchaser is not bound to accept and pay for them, and may rescind and repudiate the contract.     p. 282

Where a contract for the sale of articles to be manufactured in terms provided that the order should be filled "promptly," a delivery nearly one year after the date of the contract, and about three months after the order had been countermanded on account of the delay, was not a compliance therewith.     p. 283

When the evidence offered is legally insufficient to fix a liability upon the defendant, it is the duty of the court, when applied to by an appropriate prayer, to instruct the jury to find for the defendant.     p. 281

Where the facts as to the delay in filling an order which was accepted are undisputed, the question of what is a reasonable time is one of law for the court.     p. 283

In the absence of express stipulations to the contrary, the impossibility of delivering goods sold, by reason of an embargo on shipments imposed by the government, does not relieve the seller from responsibility for delay in delivery.     p. 283

That the vendor provided cars for the first shipment of the goods sold, and at no time, in its correspondence as to delay in making a second shipment, claimed that it was the purchaser's duty to furnish cars for the purpose, or that the delay in this shipment was due to this cause, amounted to a construction of the contract as imposing on the vendor the duty of furnishing the cars.     p. 285

A question asked of a witness, whether a paper produced in evidence was "the full contract" or "merely the acceptance of

an offer" was properly excluded, the construction of the contract being for the court, and not for the witness, and there being nothing in the circumstances to justify the introduction of oral evidence to vary or contradict the written contract.

p. 285

It was proper to refuse to permit a witness to be asked whether the plaintiff complied with the contract in suit, this being a question of law under the facts of the case for the court, and not for the opinion of a witness.

p. 285

*Decided March 17th, 1920.*

Appeal from the Superior Court of Baltimore City (STUMP, J.).

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and ADKINS, JJ., BURKE, J., not participating in the decision.

*Hiram J. Weiskoff* and *John L. G. Lee*, for the appellant.

*S. Ralph Warnken* and *Vernon Cook*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is a suit brought by the plaintiff against the defendant to recover an alleged balance due on a contract for the purchase of one hundred wooden hand trucks by the defendant of the plaintiff, to be used in its business to carry material from one part of its building to another.

The plaintiff is a corporation, engaged in the business of manufacturing contractors' equipments and supplies and a general line of machinery. The main office is in the City of Pittsburg, Pa., but it also has offices located in Baltimore City and other large cities. It also acts as broker or sales agent for other factories making supplies and machinery that it does not manufacture itself.

The defendant is also a corporation and is engaged in the general enameling business and, at the time of the contract entered into and sued on in this case, had a factory at Woodhall Street, Baltimore City, and a new plant under construction at Mt. Winans, Baltimore County. The hand trucks

were purchased for use at its new plant and factory and were to be delivered at its Mt. Winans plant. The trucks were to be specially made and to be used for a special purpose in moving material about the plant. They were designated as platform trucks, with end racks at each end and a platform about nine feet long and three feet wide.

The contract sued on and which was accepted and acted on by the parties appears from the record to be as follows:

"The Baltimore Enamel and Novelty Co.,
"Baltimore, Md.
"Enameled Iron Signs for Advertising Purposes,
"Brewers' Trays, Railroad Signals in All Colors,
"and General Enamelers, Die Work,
"Reflectors, Spinning Work.
"Baltimore, August 9th, 1917.
"Please fill the following prompt:
"The Standard Scales & Supply Co.,
"Pittsburgh, Pa.
"100—trucks like sample, except with heavy casters. Consigned to our siding, Mount Winans, Md.
"$26.00 per truck; for heavy casters, .90, price per truck; $26.90 total per truck.
"Yours truly,
"The Baltimore Enamel & Novelty Co.,
"Per APC—S.
"Order B—No. 4874.
"Put order number on invoice.
"(Fully equipped machine shop for doing all kinds of
"Stamping, Spinning and Die Work.)"

At the close of the testimony the Court directed a verdict for the defendant by granting the defendant's two prayers which instructed the jury: first, that there was no evidence in the case legally sufficient to entitle the plaintiff to recover and secondly, that the contract between the parties required the plaintiff to ship the trucks promptly and, as it appears from the uncontradicted evidence in the case that the plaintiff did not promptly ship them to the defendant, and the

defendant, after waiting a reasonable time, rescinded or countermanded the order, their verdict should be for the defendant.

The plaintiff excepted to the granting of these prayers, and the action of the Court in this ruling is the basis of the third exception. The first and second exceptions relate to rulings on evidence.

From a judgment in favor of the defendant for costs, the plaintiff has prosecuted this appeal.

It is the settled law that when the evidence offered in the case is legally insufficient to fix a liability upon the defendant, it is the duty of the Court, when applied to by an appropriate prayer, to instruct the jury to find their verdict for the defendant.

The undisputed evidence in this case shows that the contract between the parties was entered into on the 9th of August, 1917, for one hundred special trucks, at $26.90/100 each, aggregating $2,690, to be delivered at Mount Winans, Maryland. The contract, which is in the form of a letter addressed to the plaintiff by the defendant, and accepted by it, uses the expression "Please fill the following prompt." and it was understood between the parties, at the time of the contract, that the order would be filled within from four to six weeks.

On October 22nd, 1917, the defendant inquired of the plaintiff by letter, to know when they would make shipment, as they would soon be ready for them. The plaintiff replied to this letter, on October 23rd, 1917, in which it was stated that the factory promised shipment of the trucks on October 15th, but they had failed to receive shipping papers or anything indicating that shipment had gone forward. The letter further stated:

"We are writing factory today, urging upon them the necessity of prompt shipment, if same has not already gone forward, and as soon as we are in receipt of information that shipment has gone forward or

advices. as to when it will go forward, we will immediately communicate with you."

On January 7th, 1918, the defendant was advised by the plaintiff that fifty trucks, one-half of the order, had been shipped on the 2nd of January, 1918, and that the balance of the order will go forward at a very early date. It was further stated in this letter:

"We regret the delay in filling this order, but factory was unable to get sufficient lumber to make these trucks and had considerable difficulty in obtaining same."

The first shipment, one-half of the order, it will be thus seen, was not made until about five months after the date of the contract, but the defendant received the fifty trucks, under this shipment, and paid one-half of the contract price, to wit, the sum of $1,345.

The proof further shows that the defendant on the 18th of May, 1918, not having received the balance of the order, by a letter of that date countermanded it, "on account of the delay in shipping, as we cannot use the trucks at this late date, as they were ordered for a special purpose."

The plaintiff, however, notwithstanding "the countermand" of the order, shipped the second fifty trucks on August 2nd and 5th, 1918, twenty-five in each shipment, but the defendant declined to accept them, because it had countermanded the order, and the plaintiff had failed to comply with the terms of the contract, with respect to "the prompt" delivery of the trucks.

Upon these facts there was, in our opinion, no error committed by the granting of the defendant's two prayers.

The law is well settled, as a general rule, that in mercantile contracts, stipulations as to time are regarded as essential and a material provision of the contract, and upon the failure or non-performance of which the purchaser is not bound to accept and pay for the goods, unless they are delivered or tendered on the day specified in the contract, and may re-

scind and repudiate the contract. *Barker* v. *Borzone,* 48 Md. 474; *Ady* v. *Jenkins,* 133 Md. 38; *Jones* v. *United States,* 96 U. S. 24; *Norrington* v. *Wright,* 115 U. S. 188.

In this case, the second lot of fifty trucks was not shipped by the plaintiff until about three months after the defendant had countermanded the order, and until nearly one year after the contract was executed. The contract required that the order should be filled "promptly" and as the delivery of the trucks here sued for was not made until nearly one year after the contract, the Court below was right in holding that the contract had not been complied with, and as the defendant had countermanded the order, on the 18th of May, 1918, in directing a verdict for the defendant.

The facts in this case, as to the delay in filling the order under the contract, being undisputed, the question of what was a reasonable time, was clearly one of law for the Court, and not for a jury. *Wheeler* v. *Harrison,* 94 Md. 147; *United Fruit Company* v. *Transportation Co.,* 104 Md. 567.

It is clear, we think, that the defense relied upon, that the performance of the contract, as to the prompt delivery of the trucks in question, was rendered impossible by an embargo on shipment from Columbus, Ohio, going east, by the Government, cannot be sustained under the facts of this case.

In 35 *Cyc.* 244, the general rule, as to impossibility of performance of contracts arising subsequent to the making of a contract is thus stated, as supported by authority, that a seller who promises unconditionally to deliver takes the risk of being unable to perform, although his inability is caused by inevitable accident or circumstances beyond his control. It is further said at page 245 of the same volume that, in accordance with the general rule, it has usually been held, that the seller is not excused from delivery by the obstruction of routes of transportation, whether due to the freezing of waterways, seizure of a railway by the Government, freshets or other causes, unless such contingencies are expressly provided for in the contract and especially will the rule prevail

where other routes of transportation were open to the seller.
And that a failure to deliver under the terms of the contract
is not excused by the inability of the seller to procure cars
or other means of transportation unless there is a stipulation
covering such contingency, and even in such case he must
show that he made a reasonable effort to procure transportation.

The same principle and rule of law has been announced by
this Court and the Supreme Court of the United States, in a
long line of well considered cases. *Benson* v. *Atwood,* 13 Md.
20; *Kribs* v. *Jones,* 44 Md. 396; *Pennsylvania R. R. Co.* v.
*Reichert,* 58 Md. 261.

In *Southern Bldg. Assn.* v. *Price,* 88 Md. 163, it is said,
it is familiar law that if at the time of making the contract
the thing promised be possible in itself, it is no excuse for
non-performance that its performance became subsequently
impossible from causes beyond the control of the promisor.
*Jones* v. *United States,* 96 U. S. 24; *United States* v.
*Gleason,* 175 U. S. 588.

Under the order, which is the contract in this case, the
plaintiff promised unconditionally to manufacture and deliver to the defendant the trucks here in question. The contract was not made dependent upon embargoes or other contingencies which might have been provided for and guarded
against by the terms of the contract, but failing in this, the
case must be governed by the general rules of law applicable
to such contracts. *Tiffany on Sales,* 2nd Ed. 308; *Brantly
on Contracts,* 262-264.

We find nothing in the contract to show that the trucks
were to be shipped f. o. b. Columbus, or to justify the argument made by the plaintiff that the duty or obligation rested
upon the defendant to furnish the cars necessary for the
transportation of the trucks. The only reference in the contract to the shipment of the trucks is that they were to be
"consigned to our siding—Mt. Winans, Maryland."

The course of dealing, however, between the parties amounted to a construction of the contract as imposing the duty upon the seller (plaintiff) here to furnish the cars. The plaintiff provided the cars for the first shipment, and at no time, in its correspondence as to the delay, did it assert or claim that it was the duty of the defendant to furnish the cars or that the delay in the delivery was due to this cause or failure. *Lauder* v. *Mackie,* 97 Md. 13; *Williston on Sales,* 409; *Vogl* v. *Schienback,* 122 Wis. 491; *Hurst* v. *Altamont Mfg. Co.,* 73 Kan. 422.

There is no reversible error in the ruling of the Court upon exceptions to testimony as set out in the record.

The first exception was to the refusal of the Court to allow the witness to answer the following question, "Is this paper which you produced in evidence, is this the full contract or is it merely the acceptance of an offer on the part of the defendant?" The construction of the contract was for the Court and not for the witness, and there was nothing in the circumstances surrounding the written contract that would bring it within any of the exceptions to the general rule that would permit the introduction of oral evidence to vary or contradict the terms of a written contract.

The second exception was to the refusal of the Court, to permit the following question to be asked the witness Little, "whether or not the Standard Scale and Supply Company complied with the contract offered in evidence and if they have done what they contracted to do under that contract."

The Court properly sustained the defendant's objection to the question, because the question was one calling for the opinion of the witness, and whether the contract had been complied with by either of the parties was a question of law, under the facts of the case, to be determined by the Court.

For the reasons we have stated the judgment from which the appeal was taken will be affirmed.

*Judgment affirmed, with costs.*