*662 MEMORANDUM BY THE COURT.
The. plaintiff exchanged stock in the New Jersey corpoi'ation for stock in the Delaware corporation on the basis of five shares for one. Preferred stock was exchanged on a dif *663 ferent basis, but all of the preferred stock was not exchanged, and holders of that kind who declined to make the proposed exchange were paid in cash for their preferred stock. Having acquired all of the stock in the New Jersey corporation, the Delaware corporation caused all of the former’s assets and liabilities to be transferred to itself and the New Jersey corporation to be dissolved.
The Delaware corporation had $82,600,000 of common stock and used $75,000,000 of it in acquiring the outstanding stock in the New Jersey corporation. It sold and realized cash for some of its stock in excess of that involved in the exchange. It thus had after the transfer all of the property the New Jersey corporation owned and some cash, realized, as stated, from its treasury stock.
Plainly the transactions involved two distinct entities, organized under the laws of different States, with different powers, and with different capital. Plaintiff exchanged his stock in one of these entities for stock in the other. This was an exchange of property.
When the exchange became effective we think that the plaintiff “ in a legal sense realized his gain.” Gullinan v. Walicer, 262 U.- S. 134; Phellis case, 257 U. S. 156; Rockefeller case, 257 U. S. 176.
The petition is dismissed.