*989 MEMORANDUM BX THE COURT
The plaintiff claims a large sum as losses on account of the cancellation of what is alleged to be two contracts and on account of the loss of profits on the same. There was a contract, made Exhibit 1 to the petition, by which the Kapo *990 Manufacturing Company agreed to furnish and deliver life preservers at a designated place in South Boston, Massachusetts. The date of this contract ivas July 1,1918, and by its terms delivery was to be completed by July 24, 1918. These deliveries were to be at the rate of 500 or more per ■working day, commencing July 1st. The Kapo Manufacturing Company was a Maine corporation, and the plaintiff, the Sequoia Mills, is a Massachusetts corporation. Some time after this contract was made the said Kapo Company transferred a large part of its assets to one B. P. Sawyer for a stated price of $5,000. Included in this transfer was the cotton cloth which plaintiff claims had been purchased from Cumner, Jones & Company by the Kapo Company at thirty cents per yard, and which is made the subject of part of the claim. Other assets, including the claim now asserted, were transferred in 1921 to the Sequoia Mills. The Government insists that in this state of the record the Sequoia Mills can not maintain this suit, because it is an assignee of a claim against the Government. In the view we take of the case it is not necessary to decide that question. See Marr v. United States, decided by Supreme Court June 1, 1925 (58 C. Cls. 658, 663).
The claim of the plaintiff is based on two transactions, and the first of these is mentioned in the findings as contract No. 1259. The Kapo Manufacturing Company undertook to deliver to the United States approximately 10,000 life preservers. This contract is made an exhibit to the petition and purports to be made on the part of the Government by Colonel A. W. Yates, Quartermaster Corps. It bears date July 1st and on behalf of the United States is signed A. W. Yates, colonel, Quartermaster Corps, U. S. Army, by H. M. Duffill, captain, Q. M. B.. C. The Government insists that this is what is designated as a “proxy-signed” contract. However this-may be, it appears from the instrument that the delivery of the life preservers was to be completed by July 24, 1918. The findings show that no deliveries were made in the fulfillment of this contract, if it be a contract, at any time between July 1, 1918, and July 24, 1918, or at any other time. It does not appear that the defendant was *991 in anywise responsible for the failure on the part of the plaintiff to deliver the life preservers. On the 31st of July, 1918, the Kapo Company was notified of the cancellation of this contract, No. 1259, by authority of the depot quartermaster. This was before the alleged transfer to plaintiff. As already stated, there had not been any deliveries of the life preservers at that time. The plaintiff claims that it has sustained damages in consequence of the cancellation, first, in the “ loss ” of six cents per yard on 45,000 yards of cotton cloth, and certain other items, and the “estimated gross profit ” on the contract of 25 per cent. Aside from any other question, it is manifest that the plaintiff can not recover damages as for breach of contract by the Government because the Kapo Company had not complied with the contract on its part. It is said in Jones v. United States, 96 U. S. 24, that “time is usually of the essence of an execu-tory contract for the sale and subsequent delivery of goods and that the purchaser is not bound to accept and pay for the goods unless the same are delivered or tendered on the day specified in the contract ”; and, further, “ Where an act is to be performed by the plaintiff before the accruing of the defendant’s liability under his contract the plaintiff must prove either his performance of such condition precedent, or an offer to perform it which the defendant rejected, or his readiness to fulfill the condition until the defendant discharged him from so doing or prevented the execution of the matter which the contract required him to perform.” The Kapo Company was in default in making any delivery, without any excuse being offered or shown. Being thus in default it armed the defendant with the right to cancel the contract. Jones case, supra; Cleveland Bolling Mill v. Rhodes, 121 U. S., 255, 261.
The second transaction is mentioned in the findings as an “ award,” because what occurred was that the said Kapo Company was notified that it had been awarded a contract for additional life preservers, under date of July 24, 1918. This notice prescribed that delivery was to begin .on August 1st at the rate of 500 per day until completion. This notice of the award, designated as No. 1423, called upon the party to whom it was addressed to acknowledge receipt of it and *992 advise the office in writing of its approval and acceptance of this award “ at once,” and that upon receipt of its written acceptance a contract upon the customary Government form would be forwarded for execution. Under date of July 26 the plaintiff replied to this notice, stating “We accept this award subject to the following conditions,” and ended by stating that just when it could start deliveries it could not tell at that time, but would notify the quartermaster later. These communications are made Exhibits 2 and 3 to the petition. It is manifest that there was no acceptance of the award. The Kapo Company undertook to attach conditions to its acceptance, if it be regarded as such, and' notwithstanding the provision in the notice of award that delivery should begin on August 1st and be continued at a designated rate, that company said that it could not tell when it could make deliveries and would notify the quartermaster later. Before there could be any contract there must have been an acceptance upon the terms in which the Government proposed the same. The rule of law has been thus stated: “A proposal to .accept or an acceptance upon terms varying from those offered is a rejection of the offer and puts an end to the negotiation, unless the party who made the original offer renews it or assents to the modification suggested.” Minneapolis & St. Louis Railway v. Columbus Rolling Mill, 119 U. S. 149, 151; National Bank v. Hall, 101 U. S. 43, 50.
Whatever may be said as to the first contract, this award was not binding on the Government under section 3744, Ke-vised Statutes, especially where it was not accepted in conformity with the proposal. In addition to this, before any contract had been made, such as was clearly contemplated by the notice of award, the defendant on July 29, 1918, notified the Kapo Manufacturing Company that the award was canceled as of that date. The Kapo Company had not delivered any of the goods. It had not accepted the proposal. No written contract had been made; and if the plaintiff proceeded under these circumstances to incur expense, it did so at its own risk.
The petition should be dismissed, and it is so ordered.
Gkaham:, Judge, took no part in the decision of this case.