496

**STEINER et al. v. UNITED STATES.**

**Civil No. 3985.**

District Court of the United States for the District of Columbia.

Jan. 15, 1941.

Kelly & Nicolaides, of Washington, D. C., for plaintiff.

Edward M. Curran and John L. Laskey, both of Washington, D.C., for defendant.

LAWS, Justice.

This case has been submitted for determination upon a motion for judgment filed by each of the parties, the motions being based upon pleadings and their exhibits.

Plaintiffs sue the United States pursuant to Act of Congress dated March 3, 1887, 28 U.S.C.A. § 41(20), commonly known as the "Tucker Act" and amendments to said Act. Their claim is under a contract with the Government, completed by a purchase order dated July 26, 1938, by which they agreed to furnish the defendant 14,190 sacks of cement, to be delivered "as requested" within ninety days of receipt of the aforesaid purchase order. It is asserted by the complaint that within the said ninety-day period, the defendant requested de-

livery of only 2,400 sacks, which plaintiffs supplied; that seven days after the expiration of said ninety day period, the defendant called for an additional 600 sacks of cement, which plaintiffs refused to furnish because not ordered within the time stipulated by the contract; because of this refusal, the defendant purchased in open market the 11,790 sacks of cement covered by the contract which had not been supplied, at an additional cost of $825.30. Upon being called upon to make payment of the said sum to the United States because of this additional cost, plaintiffs did so under protest. This suit is brought to recover on account of such payment.

The defendant takes the position that since the provision for delivery plainly was made for the benefit of the Government and not the contractor, and since time was not specifically made of the essence of the contract, the contractors were not justified in refusing to supply the cement, so long as it was ordered within a reasonable time after the expiration of the ninety day period. Moreover, the defendant maintains that inasmuch as the purchase order from the Government required plaintiffs to notify a representative of the defendant when the material was ready to be delivered, and it is not alleged that such notification was given or that any tender of delivery was made within the ninety day period, the plaintiffs may not recover.

By their complaint, plaintiffs allege that they were at all times, within the ninety day period referred to, ready and willing to deliver to defendant the 14,190 sacks of cement referred to in the contract, whenever they might be requested by the defendant. The answer of defendant denies these allegations. The issue thus framed would present a material question for determination at a trial of this cause. However, it has been held that where both parties file motions for summary judgment, they concede, for the purpose of the determination of their respective motions, that there are no issues of fact in the case. Bank of New York v. Shillito et al., —— Misc. ——, 14 N.Y.S.2d 458. Moreover, at the oral argument and by the briefs filed by the parties litigant, no point was made with regard to the issue as to the readiness and willingness of the contractor to deliver. It, therefore, seems the parties have abandoned this issue of fact and have submitted the case for decision upon the sole question as to which of the parties, i. e., the Government or the plaintiffs, breached the contract.

The terms fixed for the delivery of the cement were as follows:

In the accepted bid, it was stated: *"Delivery*: Deliver to Works Progress Administration, *F. O. B. Project Site*, at Points of Operation, Various Destinations in the City of Newark, Essex Co., N. J., in minimum carload quantities, *as required*, within ninety (90) days of receipt of order. *Delivery* to start within three (3) days of receipt of order, *if required."*

In the purchase order the language was substantially the same, being as follows: *"Delivery*: Deliver in minimum carload quantities *as requested*, within ninety (90) days of receipt of this purchase order. *Delivery* to start within three (3) days of receipt of this purchase order, *if required. Notify G. J. Griffin*, Market 2-3105, 17 William St., Newark, N. J., when material is ready to be delivered."

In one instance the delivery was to be "as requested" and in the other, "as required," within ninety days of the notice of the purchase order.

An examination of the legal authorities seems to establish the law in respect of executory contracts of merchants for the delivery of goods that time is of the essence of the contract. Jones v. United States, 96 U.S. 24, 24 L.Ed. 644; Norrington v. Wright et al., 115 U.S. 188, 6 S.Ct. 12, 29 L.Ed. 366; Southern Tallow Co. v. David J. Joseph & Co., Inc., 5 Cir., 101 F. 2d 862; New York & Cuba Mail S. S. Co. v. Guayaquil & Q. R. Co., 2 Cir., 270 F. 200; National Importing & Trading Co., Inc., v. E. A. Bear & Co., 324 Ill. 346, 155 N.E. 343.

In Jones v. United States, supra [96 U.S. 28, 24 L.Ed. 644], it is stated "and the rule in such cases is, * * * that the purchaser will not be bound to accept and pay for the goods if they are not delivered or tendered on the day specified in the contract."

It, therefore, appears that in respect to the contract for the furnishing of cement in the case at bar, the Government was in a position to require delivery at any time it should make request therefor within ninety days. The plaintffs must have had the cement in sufficient quantities available to meet the orders. When dealing with a product in respect of which the value fluctuates from day to day, it is not, as claimed by the Government, a benefit solely

to the purchaser to have the goods available and furnished within the stipulated time; it is quite as much for the benefit of the contractor to dispose of his property within the time fixed. It would be a harsh rule which binds one party to a contract to be in readiness to furnish goods within a specified time and does not bind the opposite party to accept the goods within that period. The effect of such a rule might be to force a loss on the contractor which he had not anticipated. I, therefore, conclude that time was of the essence of the contract under consideration, and that being the duty of the contractor to furnish all of the 14,190 sacks of cement, when requested, within a ninety day period, it was the reciprocal duty of the United States to order the cement within such period.

■ This leads to the consideration of the contention of the Government that it was necessary for the plaintiffs to make tender of delivery or at least to notify the Government representative when the cement was ready for delivery. Attention is called to the provision of the purchase order which states "Notify C. J. Griffin * * * when material is ready to be delivered." It is to be noted that this provision follows the provision in the contract that the cement is to be delivered *"as required"*, and within three days, *"if required"*, by the Government. A fair reading of the entire paragraph as to delivery indicates that after the Government had required delivery of certain quantities, the duty would fall upon the contractors to notify the Government representative when the material was ready to be delivered; in other words, it was *after* the request was made by the Government for delivery that the contractor was to state when the material was ready. This is borne out by the nature of the contract, which had to do with furnishing cement "F.O.B. Project Site, at points of operation, various destinations, in the City of Newark, Essex County, New Jersey" and further the provision of the contract that the materials were to be "subject to inspection on delivery." Therefore, I conclude that there is no specific provision in the contract for a notification to the representative of the Government of readiness of delivery until the Government first requested delivery.

■ ■ Where there is no specific requirement in the contract for tender, the law. does not require tender to be made unless necessary to put a party in default.

Where, as in this case, the party already was in default, by reason of not having requested delivery of the goods within the ninety day period, there was no need of tender. Helmer v. Wilson & Co., 32 Ga.App. 435, 123 S.E. 901; Cole v. United States, 23 Ct.Cl. 341.

It follows, therefore, that the plaintiffs should recover against the defendant the sum of $825.30 claimed. Plaintiffs' motion for summary judgment will be sustained; defendant's motion for. summary judgment will be denied.