## DIXON v. AMERICAN TELEPHONE & TELEGRAPH CO. et al.

### No. 91, Docket 20364.

Circuit Court of Appeals, Second Circuit.

Feb. 3, 1947.

864

Thomas Bullitt Dixon, pro se.

James J. Kennedy of New York City, for Philipp, Sawyer, Rice & Kennedy and James J. Kennedy, Jr.

Cravath, Swaine & Moore, of New York City (Bruce Bromley and Benjamin R. Shute, both of New York City, of counsel), for Fish, Richardson & Neave and Henry R. Ashton.

Homer H. Breland, of New York City, for American Telephone and Telegraph Company, Western Electric Company and John McGlone.

Before SWAN, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

We think plaintiff failed to show adequate ground for delay in bringing his suit. His affidavits show that in 1937 he knew all the facts which he knew when he instituted his suit in 1943. The only excuse he gives is that in August 1940 he suffered a serious accident. We assume (although, in his affidavits, he does not so state) that the result of this accident wholly incapacitated him from August 1940 to the date when he brought this suit. But he states no sufficient reason for the delay from 1937 to 1940. Since 1937, three of the lawyers connected with the patent action, who might well have been important witnesses for the defendants, have died.

The facts bearing on the issue of laches are wholly within plaintiff's knowledge; nothing that could be learned at a trial could add to the data bearing on that issue; with respect thereto, he is in nowise dependent "on what he can draw out of" the defendants.[1] Had there been a trial, none of the defendants, by their testimony, would have contributed anything concerning the reasons for the delay; if, at a trial, his testimony had been in accord with his affidavits and had been believed, nevertheless dismissal for laches would have been necessary. As a trial would have involved no question of credibility, our precedents are not in point.[2] Since, as to laches, there was no issue of fact but only one of "law," the vice of "trial by affidavits"[3] is here absent, and the summary judgment must be affirmed.

Affirmed.

[1] Bozant v. Bank of New York, 2 Cir., 156 F.2d 787, 790.

[2] Arnstein v. Porter, 2 Cir., 154 F.2d 464, 473, 474; Bozant v. Bank of New York, supra; Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130, 135; Bushwick-Decatur Motors v. Ford Motor Co., 2 Cir., 116 F.2d 675, see also Avrick v. Rockmont Envelope Co., 10 Cir., 155 F.2d 568, 571, 573; Krug v. Santa Fe Pac. R. Co., App.D.C., 158 F.2d 317, 320.

[3] See Arnstein v. Porter, supra, at 471.