**GARRETT BIBLICAL INSTITUTE v. AMERICAN UNIVERSITY.**

No. 9458.

United States Court of Appeals District of Columbia.

Argued April 15, 1947.

Decided June 30, 1947.

Messrs. Archie K. Shipe and Walter M. Bastian, both of Washington, D. C., for appellant.

Messrs. Edward F. Colladay and David Clement Colladay, both of Washington, D. C., with whom Mr. Harry F. Lerch, of Washington, D. C., was on the brief, for appellee.

Before STEPHENS, CLARK, and WILBUR K. MILLER, Associate Justices.

CLARK, Associate Justice.

This case was heard and disposed of below on motions for summary judgment filed by both parties. The case involves the administration of certain funds of The American University used to finance the Gustavus F. Swift Fellowship. The annual incumbent of the fellowship is a graduate of the appellant institution, The Garrett Biblical Institute. The actual controversy before us arose when the Board of Trustees of the University, in 1942, adopted a resolution, the effect of which was to require that in the future the benefits of the Swift Fellowship must be applied to study at the American University, only, rather than be available for study elsewhere which had been the practice for over twenty-five years. Considerable opposition to this change was registered by appellant. After protracted correspondence and negotiation between the parties and their counsel, the appellee University filed a complaint asking the court to adjudge: (1) That the University at all times has had and continues to have, within the limits of the special Acts of Congress under

which it is incorporated, full right, power, and authority to administer its invested capital funds and the income therefrom, with full right, power, and authority to determine and effect, and from time to time to vary or change, in part or in whole, the application and disposition of all of its said funds, capital and income, as it, in its discretion, may see fit, subject only to any restrictions validly imposed by a donor, or bindingly undertaken by the University, or vested rights of others with respect thereto; (2) that that portion of its funds immediately involved and used to finance the Swift Fellowship is a part of its said funds and is not and never has been subject to any restrictions or any vested rights of others than the University with respect to administration, application, or disposition thereof; and (3) that the action embodied in the resolution adopted by its Board of Trustees April 9, 1942, changing the terms of award of the Swift Fellowship was and continues to be in all respects valid and does not infringe upon any right of Garrett Biblical Institute.

Appellant filed an answer and counterclaim seeking declaratory relief in its favor. Thereafter, both parties filed motions for summary judgment and on these motions the lower court ordered judgment in favor of appellee on its motion while denying appellant's motion. This appeal followed.

■■ The conflict arising during the course of oral argument as to whether appellant's motion for summary judgment was restricted to its counterclaim or whether it applied to all of the pleadings is of no moment, since even assuming that both motions were directed toward the same complaint and responsive pleadings, "It does not follow that, merely because each side moves for a summary judgment, there is no issue of material fact. For, although a defendant may, on his own motion, assert that, accepting his legal theory, the facts are undisputed, he may be able and should always be allowed to show that, if plaintiff's legal theory be adopted, a genuine dispute as to a material fact exists." Walling v. Richmond Screw Anchor Co., 2 Cir., 154 F.2d 780, 784, certiorari denied 328 U.

S. 870, 66 S.Ct. 1383, 90 L.Ed. 1640, followed by this court in Krug v. Santa Fe Pacific R. R. Co., 81 U.S.App.D.C. 288, 158 F.2d 317. Appellant asserts that since the University failed to reply to appellant's counterclaim appellant was entitled to have its motion for summary judgment granted. We are of opinion that in the state of the pleadings as they existed after the filing of appellant's counterclaim no reply to the counterclaim was necessary. As appears below, the complaint and answer to the complaint raised an issue of fact. The counterclaim adopted the answer and all of the facts of the complaint which were not denied in the answer. There was, therefore, full joinder of issue and no need of a reply, which, under the circumstances, would have been surplusage.

■ Proceeding on appellee's theory of the case, we are of opinion that there does exist genuine issue of material fact. Appellee alleged in its complaint that "a large portion of Mrs. Swift's gifts to the University were made without restrictions as to their use, and the aforementioned gifts of $5,000, $6,000, and $5,000 were so made, * * *." Appellant's answer "denies that there were no restrictions upon the said $16,000.00 Fund but on the contrary states that the said fund was created for the specific purpose of financing the Swift Fellowship and for no other purpose." This particular conflict of fact goes to the very heart of the controversy, for while the appellee University governed its course of action by the general proposition that it has, within the limits of its corporate purposes, full right, power and authority over its funds and by its belief that the funds here involved came within this proposition since they were donated to the University with no condition or no restriction attached by the donor, appellant proceeded on the theory that there were restrictions or conditions existing which must be complied with by the University in administering the fellowship fund.

■■ Appellee seriously asserts that an opposition consisting of legal conclusions and mere general denials does not raise such issue of fact that will prevent entry of summary judgment. While it has been

so held,[1] we cannot unqualifiedly sanction such a proposition. While the statement of a mere legal conclusion will not suffice to raise an issue, we think that a general denial of an allegation of fact is sufficient to raise an issue and that this is so elementary that we decline to follow authority to the contrary in other jurisdictions.[2] Appellee's verified complaint, motion for summary judgment and affidavit filed in support of the motion do not disclose the source of its determination expressed in the adopted resolution that "the original gift was to enable a student nominated by the Faculty of the Garrett Biblical Institute, to study in the graduate division of the American University in Washington, D. C." other than a reference that "a careful search of documents relating to the terms of the award * * * together with the attending circumstances of the gift" made clear to it such a conclusion. Surely the documents referred to in and attached to the complaint as exhibits, constituting excerpts from the University's official quarterly publication and a letter from the donor of the gift addressed to the University and concerning only $5000 of the gift, do not compel such a conclusion as a matter of law when balanced with twenty-five years of contrary conduct. And although appellant has made no offer to show the existence of evidence in support of its denial and defense, and there may be some doubt as to the existence of a defense, still much, if not all, of appellant's defense depends on a cross-examination of appellee's witnesses and an examination of appellee's documentary evidence, and we feel that since the defense is asserted in apparent good faith appellant is entitled to a trial which provides this opportunity to them.[3] On the record as it stands, we cannot say that "it is quite clear what the truth is."[4]

Reversed and remanded for trial on the merits.

---

[1] Piantadosi v. Loew's Inc., 9 Cir., 137 F.2d 534; Schreffler v. Bowles, 10 Cir., 153 F.2d 1.

[2] Compare Hemler v. Union Producing Co., D.C., 40 F.Supp. 824, strongly relied upon by appellees as support for its assertion, which case was reversed in 134 F. 2d 436, 438, wherein the Circuit Court of Appeals, Fifth Circuit, stated: "* * * the record * * * presents genuine issues of fact * * *."

[3] Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 728, 88 L.Ed. 967.

[4] Ibid.