Vasiliky C. ROUMEL, Appellant,

v.

Norman BERNSTEIN et al., Appellees.

No. 13352.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 5, 1956.

Decided March 14, 1957.

Petition for Rehearing In Banc Denied May 15, 1957.

---

**648**

Mr. Irwin B. Lipman, Washington, D. C., for appellant.

Mr. Leonard S. Melrod, Washington, D. C., with whom Mr. Joseph V. Gartlan, Jr., Washington, D. C., was on the brief, for appellees.

Before WASHINGTON, BASTIAN and BURGER, Circuit Judges.

WASHINGTON, Circuit Judge.

The plaintiff-appellant filed this suit to recover damages which she allegedly sustained as a result of misrepresentations in connection with a purchase of property. At the pretrial hearing the defendants moved to dismiss the complaint on the ground that the plaintiff's testimony taken on deposition failed to show that she suffered any damage as a result of the purchase. The District Court agreed and dismissed the complaint. This appeal followed.

The record made thus far indicates that the plaintiff desired to buy a block of three apartment buildings located in Arlington, Virginia, title to which was in the name of a corporation. The defendants owned all the stock of the corporation. After negotiations, an agreement was made on May 7, 1951, whereby the plaintiff agreed to buy and the defendants agreed to sell the stock. It was understood that the defendants would immediately dissolve the corporation and transfer to plaintiff title to the buildings. This was apparently done. Some two years after the purchase agreement was entered into, and carried out, the plaintiff sued the defendants. Her complaint claimed damages as a result of (1) misrepresentations as to the amount of certain operating expenses at the time of signing the purchase agreement, (2) the concealment by defendants of the need for immediate and necessary repairs, (3) their refusal to complete the installation of formica counters and faucets and sprays for sinks in all the apartments in accord with their promise, (4) the withholding of information as to a serious condition of termites, and (5) their refusal to comply with their representation that they would make good anything found wrong with the property.

The defendants took the plaintiff's deposition and elicited from her the following testimony, insofar as now material: She was not injured as a result of the purchase of the stock; she transferred the apartment buildings to two sons for the price that she had paid; before settlement she was advised that the formica tops, faucets, and sprays had not been installed in the kitchens of 5 or 6 apartments and that defendants refused to do so; she decided to forget about this last item "as long as we have everything else"; accordingly, she waived this and signed the settlement agreement; after about a year the rent for all the apartments was raised an average of $2.50 a month over what it was when the property was shown to her, and about a year later was raised an average of $5.00 a month, but "we stood a lot of repairs there."

■ The plaintiff's testimony on deposition that she had not been injured as a result of the purchase of the stock does not warrant the conclusion that she suffered no damage from the whole transaction. For present purposes the testimony should be construed most favorably to the plaintiff. She wanted to buy the buildings; she did not want stock and would not have bought it, but was persuaded to do so by the defendants' undertaking to dissolve the corporation immediately and place the buildings in her name.[1] In reality, then, the parties appear to have dealt on the basis of selling and purchasing the buildings, even though as a matter of form for the convenience of the sellers the transaction was cast as a sale of stock. The complaint is drawn on this premise, asserting several instances of damage from misrepresentations in connection with the buildings and none from pur-

chasing the stock as such. The plaintiff's testimony that she was not injured by purchasing the stock does not—on a construction favorable to her—relate to or negative these allegations. Under Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the pleadings as well as the deposition are pertinent in determining whether there is a genuine issue as to any material fact. Cf. Dewey v. Clark, 1950, 86 U.S.App.D.C. 137, 140–145, 180 F.2d 766, 769–774; Garrett Biblical Institute v. American University, 1947, 82 U.S.App.D.C. 265, 163 F.2d 265; 6 Moore's Federal Practice 2123 (2d Ed. 1953).

■ As to the allegation of the complaint that the plaintiff was damaged by the refusal of the defendants to install formica counters in all the apartments, we agree that her testimony on deposition removes any basis for recovery. It indicates that she was aware of the matter prior to settlement but decided to waive it and settle for the property. Thus, she gave up the right to claim damage, if any, resulting from this item. To be sure, she might have filed affidavits seeking to overcome the effect of her deposition in this regard, but she did not do so.

■■ Except for the plaintiff's statement that "we stood a lot of repairs," her testimony on deposition does not deal with the other four alleged misrepresentations resulting in damage as set out in her complaint, namely, those relating to operating expenses, immediate and necessary repairs, the termite condition, and making good anything found wrong with the property. As indicated in the margin, the complaint is faulty in its allegations as to the operating expenses and that item is removed from our consideration.[2] The remaining three

1. The defendants were apparently unwilling to dissolve the corporate form prior to the sale. The complaint alleges that they insisted upon selling the corporation's shares because it would be to their tax advantage to do so.

2. The complaint alleged that some of the expenses of operating the buildings were ■ found to be higher at the time the plaintiff took control than they were represented to be at the time of the negotiations to buy and the signing of the purchase agreement. It is not alleged that the defendants represented that the operating expenses would continue after the date of signing the agreement at the

allegations all pertain to expenditures which the plaintiff was required to make to place the property in good condition. Her testimony that she sold the buildings to two sons for the same price that she paid does not negative damages resulting from amounts she spent on the property in addition to the purchase price.[3] Her statement that "we stood a lot of repairs," construed most favorably in her behalf, indicates that she was required to spend some amount to make substantial repairs—and the term "repairs" may well have been used in a broad sense to include items necessitated by the termite condition and to make good things found wrong with the property. Counsel did not inquire further of plaintiff as to the kind of repairs made or the amount spent. Her deposition then does not show that she was not damaged with respect to any of the three items now under consideration, but instead tends, so far as it goes, to leave those questions open. In other words, we cannot say on this record that as to the latter three it is impossible for the appellant to make out a case. The issues raised by these allegations, which were denied, remain genuine issues, and as to them, the plaintiff cannot properly be foreclosed from offering such proof as she may have. Dewey v. Clark, supra, 86 U.S.App.D.C. at pages 140–145, 180 F.2d at pages 769–774; Garrett Biblical Institute v. American University, supra.

The record before us, limited as it is, supports the District Court's action as to parts of appellant's claims, e.g., claims relating to the formica counters which she expressly waived, and a claim relating to operating expense representations, but as to other matters we think

the complaint entitles appellant to an opportunity to go forward with her case even after a two year delay in asserting the claim. Our action is without prejudice to the District Court's power to allow, in its discretion, amendment of the complaint.

The order dismissing the complaint is affirmed in part, reversed in part and remanded for appropriate proceedings not inconsistent with this opinion.

So ordered.

---

figures stated. There is no allegation from which we can infer that the plaintiff assumed control on the date of the purchase agreement; in the usual case she would not be given possession until after settlement. There is no allegation of a representation by defendants as to what the expenses were as of that time. Thus, the complaint in its present form fails to state a cause of action

as to the misrepresentation of operating expenses.

3. We leave open the question of what effect resale at purchase price might have upon damage claims other than out-of-pocket expenses, and also whether in circumstances of this sort there might be recovery by the sons, or by their mother on their behalf.