Enoch **WALKER**

v.

**Bishop Walter McCOLLOUGH, Individually and in his official capacity as Successor-Trustee to "C. M. Grace, Trustee," and Bishop of the United House of Prayer For All People, Church on the Rock of the Apostolic Faith, also known as the House of Prayer and the United House of Prayer.**

**Civ. A. No. 33974.**

United States District Court
E. D. Pennsylvania.

Aug. 19, 1966.

Erwin Miller, Zoob, Cohan & Matz, Philadelphia, Pa., for plaintiff.

Ragan A. Henry, Goodis, Greenfield, Narin & Mann, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

WOOD, District Judge.

Plaintiff Enoch Walker filed a complaint based upon an alleged written contract with the late C. M. Grace (Daddy Grace), founder and Bishop of the religious association known as the United House of Prayer For All People, Church on the Rock of the Apostolic Faith. The named defendant is Bishop Walter Mc-Collough, successor-trustee to Daddy Grace of all the money held in trust for the Church. Walker demands a declaratory judgment and an accounting of funds allegedly belonging to him. Bishop McCollough filed a motion for summary judgment supported by affidavits.

The alleged operative facts are these: Walker with three other individuals, all musicians, made a written contract with Daddy Grace in 1933 at Newport News,

Virginia. Pursuant thereto, they were to make arrangements for the appearance of Grace in various places and provide music and other forms of entertainment to dramatize the precepts of the Church. In return, Daddy Grace was to pay over 60% of every dollar collected from the musicians' activities; the Church was to receive the remainder. Walker was sixteen years old at the time of the contract.

The plaintiff has been unable to locate a copy of the contract since Grace's death and in fact has not seen it since 1933. It was allegedly held at all times by Bishop Grace. The latter was to place the money in trust for the four men and was to invest it in their behalf.

The depositions would indicate that from the time of the alleged contract in 1933 to the death of Daddy Grace in 1960, he never accounted for any of the money allegedly due plaintiff. The Bishop held all of the funds in trust for the Church during the entire period.

Although Bishop McCollough is the named defendant, he has no knowledge of the contract nor of any trust arrangements made with Walker. He is being sued and asked for an accounting because "he is the successor to Bishop Grace and because he has co-mingled and squandered funds which rightfully belonged to plaintiff." (Plaintiff's brief, p. 2.)

■■ Plaintiff in effect is requesting equitable action in asking this court to create and enforce a trust out of the trust res held by Bishop McCollough. The right to enforce a trust may be denied as the result of the application of laches. This depends upon whether the attempt to enforce the trust was made within a reasonable time. McGrann v. Allen, 291 Pa. 574, 140 A. 552 (1928).

■ The question of laches is uniquely one for summary judgment as so severe a critic of this procedure as Judge Frank agreed. Dixon v. American Telephone & Telegraph Co., 159 F.2d 863 (2d Cir. 1947). The facts bearing on the issue of laches are wholly within plaintiff's knowledge; nothing that could be learned at trial could add to the data bearing on that issue. The defendant can contribute nothing to the facts since he knows nothing at all about what occurred.

Although conceded that the passage of time itself does not impose a bar of laches, plaintiff hesitated for some thirty years from demanding an accounting to which, according to his allegations, he had an absolute right. See Sherwin v. Oil City Nat'l Bank, 18 F.R.D. 188 (W.D. Pa.1955); aff'd 229 F.2d 835 (1956). There are no longer any witnesses to the signing of the contract; the contract itself cannot be found; the so-called trustee Daddy Grace died in 1960 after which plaintiff conveniently asserted his claim; and finally, it would be an impossible burden to trace the particular moneys which Walker alleges were his. The funds have been commingled many times over and plaintiff's share may have been pocketed personally by Daddy Grace.

Plaintiff has failed to show adequate ground for delay in demanding an accounting. His deposition shows that he knew all the facts many years before 1960. The only excuse he gives is that Daddy Grace was a messenger from God who was dealing with him, a mere stripling of sixteen. First, he was not sixteen for the whole period of twenty-seven years when Grace was alive. Secondly, Walker was not a member of the very Church whom he purported to help and could not have been very impressed with Bishop Grace. Thirdly, he was not so overwhelmed by the divine presence to participate in numerous litigations at once after the Bishop's death. This is hardly a sufficient excuse for delay of some thirty years.

■ Grace's assurances that the money was held in trust is not a sufficient basis to preclude summary judgment. After so many years, plaintiff in order to preserve his rights had to demand an accounting. While the contract may have been made in heaven, it now has to be administered and interpreted by those who inhabit the earth, who will not aid a party whose application is destitute of

reasonable diligence and where there has been long acquiescence in the assertion of adverse rights. See Hammond v. Hopkins, 143 U.S. 224, 12 S.Ct. 418, 36 L.Ed. 134 (1892).

## ORDER

And now, this 19th day of August, 1966, it is ordered that the defendant's motion for summary judgment be granted.