Caleb CARTWRIGHT,
et. al. Plaintiffs,

v.

**DISTRICT OF COLUMBIA,**
et. al. **Defendants.**

**No. CIV.A. 0201005 RCL.**

United States District Court,
District of Columbia.

June 13, 2003.

---

John W. Montgomery, es Edward Brown, Murrell & Brown, Washington, DC, for Plaintiffs.

Urenthea McQuinn, Office of Corporation Counsel, Washington, DC, for Defendants.

### MEMORANDUM OPINION

LAMBERTH, District Judge.

This matter comes before the Court on plaintiffs' motion for summary judgment [15] regarding the District of Columbia Public Schools (DCPS) hearing officer's dismissal of a parental request for a comprehensive reevaluation of Caleb Cartwright, a student eligible for special education services pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400–1461. Upon consideration of plaintiffs' motion [15], defendants' opposition thereto [16] and cross-motion for summary judgment [17], plaintiffs' reply [18], and the applicable law in this case, the Court finds that plaintiffs' motion should be granted and that defendants' cross-motion should be denied.

### I. BACKGROUND

The matter before the Court involves Caleb Cartwright, the minor child of Corlis Cartwright, a D.C. resident. As a result of being diagnosed with speech and language impairments, Caleb has been deemed eligible for special education services provided pursuant to 20 U.S.C. §§ 1400–1461. Before plaintiffs filed the initial complaint in this Court on May 22, 2002, the parties involved were engaged in a series of administrative proceedings beginning on January 26, 2002 when Corlis Cartwright submitted a written request, through counsel, for a comprehensive reevaluation of Caleb pursuant to Section 300.536(b) of the Code of Federal Regulations. 34 C.F.R. § 300.536(b) (2003). On February 19, 2002, the plaintiff filed a

request for a due process hearing against DCPS for failing to evaluate Caleb in a timely manner. After this request was filed, DCPS provided plaintiffs with a written response, the contents and purpose of which are disputed, but need not be discussed as they are not material to the motions pending before the Court. The parties eventually met before an Independent Hearing Officer and on April 24, 2002, the hearing officer dismissed plaintiffs' complaint.

In response, plaintiffs filed their complaint [1] with this Court on May 22, 2002 to which defendants responded [8] on July 12, 2002. On September 12, 2002, plaintiffs filed a motion for summary judgment [15] requesting that this Court (1) grant appropriate preliminary and injunctive relief to plaintiffs, directing defendants to reevaluate Caleb as a matter of law, (2) find that the hearing officer erroneously applied 34 C.F.R. § 300.536(b), and (3) find that the hearing officer erroneously shifted the burden of proof from defendants to plaintiffs. Defendants filed an opposition to plaintiffs' motion [16] and a cross motion for summary judgment [17] on October 21, 2002, arguing that the hearing officer's interpretation of § 300.536(b) was reasonable and therefore that defendants, not plaintiffs are entitled to judgment as a matter of law. Plaintiffs replied to defendants' opposition [18] on November 20, 2002 and subsequently filed motions for an expedited ruling [20] and to publish this case in the federal supplement [21] on January 23, 2002 and January 27, 2002, respectively.

## II. ANALYSIS

### A. Legal Standard for Summary Judgment

■ A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R.Civ.P. 56(c). When considering the motion, the Court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The fact that the parties filed both a motion and cross motion for summary judgment does not automatically relieve the court from determining if a genuine issue of material fact exists. *Krug v. Santa Fe Pac. R. Co.,* 158 F.2d 317 (D.C.Cir.1946) However, where the parties explicitly state that no issues of material fact exist, the matter may be properly determined by the court as a question of law. *Carl v. Udall,* 309 F.2d 653, 658 (D.C.Cir.1962).

The documents submitted by the parties are consistent regarding the relevant facts permissibly included in the hearing and court records. Further, the parties agree that "the issues involved appear to be largely legal" and, as a result, anticipate the case will be resolved by summary judgment. L. Cv. R. 16.3(d) Rpt. ¶ 6[13]. In light of these resolutions reached by the parties, the consistency of their factual submissions, and the fact that the Court needs no further discovery, having all of the necessary exhibits and other filings in its possession, the Court finds that no question of material fact exists and the case is ripe for summary judgment.

### B. Legal Analysis of Plaintiffs' Motion and Defendants' Cross Motion

The undisputed course of events between the two parties described above ultimately led to the hearing officer's dismissal of plaintiffs' request for a reevaluation of Caleb Cartwright. In her determination of plaintiffs' request, the officer found

that "DCPS is not obligated to complete new evaluations upon request. There must be some showing that 'conditions warrant' new evaluations." Compl. [1] Exh. CC–3 p. 3. Further, she found that "in the absence of a statutory time frame, the test is one of reasonableness. In the context of IDEA, reasonableness must be determined on a case-by-case basis." *Id.* at 4. The hearing officer ultimately concluded that the circumstances did not warrant Caleb's reevaluation.

■■■■ As a question of material fact does not exist, this case will be decided based upon the legal issues involved, specifically whether the hearing officer's interpretation of Section 300.536 of the Code of Federal Regulations, resulting in the dismissal of plaintiffs' reevaluation request, was proper and reasonable. When considering an administrative agency's interpretation of a statute, "considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer." *Chevron U.S.A., Inc. v. Nat. Resources Defense Council, Inc.,* 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). If a statute is ambiguous, the role of the Court is to examine if the agency's interpretation is reasonable; if it is, deference is given to this interpretation. However, this deference arises only if the Congressional intent expressed in a statute cannot be deciphered: "if the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id.* at 842–843, 104 S.Ct. 2778. Likewise, when examining an agency's interpretation of its own regulations, such as the case here with the hearing officer interpreting the agency's Code of Federal Regulations, the Court must still defer to the agency's interpretation.

This deference, however, is not without limitation:

Since this involves an interpretation of an administrative regulation a court must necessarily look to the administrative construction of the regulation if the meaning of the words used is in doubt. The intention of Congress or the principles of the Constitution in some situations may be relevant in the first instance in choosing between various constructions. But the ultimate criterion is the administrative interpretation, which becomes of controlling weight *unless it is plainly erroneous or inconsistent with the regulation.*

*Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945) (emphasis added).

■■■ Section 300.536 of the Code of Federal Regulation states that

"[e]ach public agency shall ensure (a) [t]hat the IEP of each child with a disability is reviewed in accordance with §§ 300.340–300.350; and (b) [t]hat a reevaluation of each child, in accordance with §§ 300.532–300.535, is conducted *if conditions warrant a reevaluation, or if the child's parent or teacher requests a reevaluation,* but at least once every three years." (emphasis added).

The hearing officer's application of the "clearly warranted" standard to the reevaluation request of the parent directly conflicts with the wording of the regulation and is inconsistent with the regulation. The regulation unambiguously applies the "clearly warranted" standard to a general request for a reevaluation by a person or agency other than a teacher or a parent. A request made by either a parent or a teacher, however, is set apart as a separate clause to which no articulated standard applies. Thus, an evaluation of the reasonableness of the hearing officer's interpretation—the second prong of the

*Chevron/Bowles* test—is not necessary as the language of the regulation presents no ambiguity. Viewing the plain language of the regulation and the absence of a condition precedent to be met by a parent requesting a reevaluation, DCPS's failure to comply with Corlis Cartwright's request clearly violates the language of the regulation. Upon receipt of Corlis Cartwright's request, DCPS should have reevaluated Caleb.

## III. CONCLUSION

The Court will not allow the hearing officer's interpretation of Section 300.536(b) to replace the unambiguous intent apparent by the plain meaning of the text comprising the regulation. Therefore, defendants' refusal to comply with plaintiffs' request for a reevaluation under Section 300.536(b) failed to satisfy the requirements of the regulation. As such, the Court will grant plaintiffs' motion for summary judgment, will grant plaintiffs preliminary and injunctive relief, will deny defendants' cross-motion for summary judgment, and will deny plaintiffs' motion for an expedited hearing as moot.

A separate order shall issue this day.

### *Order*

Upon consideration of plaintiffs' and defendants' motions, it is hereby ORDERED that plaintiffs' Motion for Summary Judgment is GRANTED. Defendants shall promptly conduct a reevaluation as requested by the parent of Caleb Cartwright, pursuant to 34 C.F.R. 300.536(b). It is further

ORDERED that defendants' Cross-Motion for Summary Judgment is DENIED. It is further

ORDERED that plaintiffs' Motion for an Expedited Hearing is DENIED as moot.

SO ORDERED.

### *Order*

Upon consideration of plaintiffs' Motion to Publish This Case in the Federal Supplement, it is hereby ORDERED that the motion be DENIED. This motion is not an appropriate issue for adjudication.

SO ORDERED.